UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Ocala Division

CARVER MIDDLE SCHOOL GAY-STRAIGHT ALLIANCE, an unincorporated association; and H.F., a minor by and through parent Janine Faughnan,

    Plaintiffs,

v.

No. 5:13-cv-00623-WTH-PRL

SCHOOL BOARD OF LAKE COUNTY, FLORIDA,

    Defendant.

## **DECLARATION OF H.F.**

1. I am a Plaintiff in this case. I sued the School Board by and through my parent Janine Faughnan. I am twelve years old and am competent to testify to the following facts based on my personal knowledge.

2. I am a student in seventh grade at Carver Middle School (Carver Middle).

3. Carver Middle is a middle school located at 1200 N. Beecher Street, Leesburg, Florida. Carver Middle is located in Lake County and is governed by the School Board of Lake County (School Board). Only grades six through eight attend Carver Middle.

4. Non-curricular student groups exist at Carver Middle and are officially recognized by Carver Middle.

5. Non-curricular student groups that exist at Carver Middle include Junior National Honor Society and the cheerleading squad. I am aware that the Junior National

Honor Society—which I understand to be a service club— participated in "Red Ribbon Week" (a drug prevention campaign) this school year. I am also aware that, during this school year, cheerleaders participated in football and volleyball games and marched in the Leesburg Christmas parade. Cheerleading is not taught as part of Carver's physical education class or any other class.

6. These groups conduct their activities on school premises during non-instructional time. The subject matter of these groups is not taught at Carver, nor does the subject matter of these groups concern the body of courses as a whole. Participation in these groups is not required by any course, and students do not receive academic credit for participation in any of these groups.

7. Student groups at the school and their members enjoy numerous benefits. For example, the groups (a) are officially recognized as school clubs by school officials, (b) may meet on school property, (c) must have their finances accounted through and by the school, (d) may appear in the school's yearbook, (e) may use school resources and equipment for meetings and activities, (f) may use school resources to advertise the club, and (g) may hold events.

8. I and the other students making up the Carver Middle Gay-Straight Alliance (Carver GSA) would like to have the club officially recognized this school year and want to avail ourselves of the benefits of being an official student club.

9. I am the vice-president of the Carver GSA. I was elected at the end of the 2012-2013 school year. The GSA leadership discussed how we wanted to meet at the school and be an official school club. Knowing that school officials were going to fight us every step of the way, we asked the ACLU of Florida for help.

10. I have spoken with numerous students who would like to participate in Carver GSA meetings at school.

11. Before submitting our club application, I and other students identified a faculty supervisor. I then helped prepare the application.

12. Because I and other students wanted the GSA to continue this year, the Carver GSA's faculty supervisor submitted our application on our behalf on October 29, 2013. The application attached to the Complaint as Exhibit 3 is a true and accurate copy of the application that we submitted.

13. Because the Carver GSA has not been allowed to operate as a school club this school year, I and other students have not been able to meet at the school, advertise club meetings, or avail ourselves of the other benefits of being a school club.

I declare under penalty of perjury that the foregoing is true and correct. Executed January 14, 2014.

_____
H.F.