**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

CARVER MIDDLE SCHOOL GAY-
STRAIGHT ALLIANCE, an
unincorporated association and H.F., a
minor by and through parent Janine
Faughnan,

    Plaintiffs,

v.                                                   Case No. 5:13-cv-623-Oc-32PRL

SCHOOL BOARD OF LAKE COUNTY,
FLORIDA,

    Defendant.

## O R D E R

Defendant School Board of Lake County, Florida has conceded Plaintiffs Carver Middle School Gay-Straight Alliance and H.F.'s ("Plaintiffs") entitlement to trial and appellate attorneys' fees and litigation expenses awardable under 42 U.S.C. § 1988.[1] The remaining disagreement is over the amount of those fees and expenses. The parties have filed voluminous papers addressing this issue (Docs. 106, 111, 113, 116 and 118), including briefing, billing records, and expert opinions. In summary, Plaintiffs seek $225,704 in trial and appellate attorneys' fees and $6,600.73 in litigation expenses for a total award of $232,304.73, plus taxable costs. (Doc. 118 at

---

[1] The Eleventh Circuit transferred the motion for appellate fees (Doc. 106) to this Court for decision (Doc. 105).

27). Defendant (somewhat confusingly) argues that "a reasonable attorney's fee award would range between $98,100 and $135,250, and any award in excess of $128,500 would be unreasonable and excessive." (Doc. 113 at 7).

While the Court's Order will be relatively brief, the Court assures the parties it has given the matter careful attention.

I. RATES CHARGED

> In determining the reasonable hourly rate, the court considers "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." Norman v. Hous. Auth. of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988). "The relevant legal community" is generally the place where the case is filed. Am. Civil Liberties Union of Ga. v. Barnes, 168 F.3d 423, 437 (11th Cir. 1999). In determining if the requested rate is reasonable, the court may consider the applicable Johnson factors and may rely on its own knowledge and experience. Norman, 836 F.2d at 1299-1300, 1303 ("The court, either trial or appellate, is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." (quotations omitted)); see Johnson [v. Ga. Hwy. Express, Inc.], 488 F.2d [714,] 717-19 [(5th Cir. 1974)]. "The applicant bears the burden of producing satisfactory evidence that the requested rate is in line with prevailing market rates," which must be more than just "the affidavit of the attorney performing the work." Norman, 836 F.2d at 1299 (citations omitted). Instead, satisfactory evidence may be opinion evidence or the charges of lawyers in similar circumstances. Id. "The weight to be given to opinion evidence of course will be affected by the detail contained in the testimony on matters such as similarity of skill, reputation, experience, similarity of case and client, and breadth of the sample of which the expert has knowledge." Id.

Church of Our Savior v. City of Jacksonville Beach, 108 F. Supp. 3d 1259, 1271 (M.D. Fla. 2015).

2

Applying these principles, the Court, while recognizing the skill and experience of the Plaintiffs' lawyers and that their proposed hourly rates may be appropriate in other jurisdictions, nevertheless finds that a reduction in the proposed rates is required to arrive at the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." Id. (citation omitted). The Court will therefore reduce the hourly rate for attorney Leslie Cooper from $450 an hour to $400 an hour; for Benjamin Stevenson from $400 an hour to $350 an hour; and for Daniel Tilley from $350 an hour to $300 an hour.

## II. HOURS EXPENDED

According to Plaintiffs, they expended 867.7 hours in the district court and the court of appeals. (Doc. 118 at 6). However, Plaintiffs have exercised billing judgment and request compensation for 584 hours - a roughly 33% reduction from the 867.7 hours spent.[2] (Id.). While Defendant argues for further reductions of these hours, the Court, after reviewing the history of the case, including preliminary injunction practice, motion practice, discovery, the conduct of a trial, a successful appeal and post-appeal work, determines that Plaintiffs' total requested hours are appropriate given the nature of the litigation. Thus, the Court finds that Ms. Cooper's 24.9 hours,

---

[2] Plaintiffs request compensation for 584 hours, based on their calculations in Doc. 118-1. However, the calculations in the spreadsheet are slightly inaccurate, and they should have requested compensation for 584.1 hours. The Court uses 584.1 in its calculations to ensure accuracy. See infra note 3.

3

Mr. Stevenson's 301.2 hours, and Mr. Tilley's 266.4 hours are reasonable and compensable.[3] (Doc. 118-1).

## III. THE FEE AWARD

Multiplying Ms. Cooper's hourly rate of $400 x 24.9 hours = $9,960; multiplying Mr. Stevenson's hourly rate of $350 x 301.2 hours = $105,420; and multiplying Mr. Tilley's hourly rate of $300 x 266.4 hours = $79,920, which equals a total trial and appellate fee award of $195,300.

## IV. LITIGATION EXPENSES

Under 42 U.S.C. § 1988, the Court awards $6,600.73 in non-taxable litigation expenses in both the district and appellate court.[4] (Doc. 118 at 27).

Accordingly, it is hereby

**ORDERED:**

1. Plaintiffs' Motion for Appellate Attorney's Fees and Litigation Expenses (Doc. 106) and Motion for Attorney's Fees and Litigation Costs (Doc. 111) are **GRANTED** as stated herein. The Court hereby awards Plaintiffs $195,300 in attorneys' fees, $6,600.73 in litigation expenses, and $13,180.61 in taxable costs, for a total award of $215,081.34.

---

[3] The total compensable hours of 592.5 represent Plaintiffs' initial request of 584.1 hours (representing the 33% reduction based on billing judgment) minus 7.9 hours of agreed additional reduction based on Defendant's response (Docs. 118-1), plus 18.1 hours for time spent seeking fees and expenses (Doc. 118 at 25-26; Doc. 118-1), and minus the 1.8 hours attorney Nancy Abudu spent on the case, which Plaintiffs agreed not to seek (Doc. 111 at 9).

[4] The Court has already awarded appellate costs to Plaintiffs in the amount of $505. (Doc. 115). The parties have agreed that the Court may bill taxable costs in the district court in the amount of $13,180.61. (Doc. 117).

4

2. The Clerk shall enter judgment in favor of Plaintiffs Carver Middle School Gay-Straight Alliance, an unincorporated association, and H.F., a minor by and through parent Janine Faughnan and against Defendant School Board of Lake County, Florida in the amount of $215,081.34.

3. Once judgment has been entered, the Clerk shall close the file.

**DONE AND ORDERED** in Jacksonville, Florida the 17th day of January, 2018.

TIMOTHY J. CORRIGAN
United States District Judge

sj
Copies:

Counsel of record